UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

_____

In re

MARCELINO M. WITTMAN and
MICHELLE M. WITTMAN,

Debtors.

Case No. 10-22811

Chapter 13

_____

MEMORANDUM DECISION ON THE DEBTORS' OBJECTIONS TO
THE CLAIMS OF THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.
_____

This matter came before the Court on the debtors' objections to the proofs of claim of The Bank of New York Mellon Trust Company, N.A., f/k/a The Bank of New York Trust Company, N.A., as successor to JPMorgan Chase Bank, N.A., as Trustee. The parties filed briefs supporting their respective positions and the Court took the matter under advisement.

This is a core proceeding under 28 U.S.C. § 157(b)(2)(B), and the Court has jurisdiction under 28 U.S.C. § 1334. This decision constitutes the Court's findings of facts and conclusions of law pursuant to Fed. R. Bankr. P. 7052.

BACKGROUND

The following facts are uncontested. The debtors, Marcelino and Michelle Wittman own the real property located at 1735 E. Moon Beam Trail, in Appleton, Wisconsin, which they maintain as their primary residence. The legal description of the property is: "Lot Twenty-six (26), GRACE-GORDON ESTATES, City of Appleton, Calumet County, Wisconsin." The Wittmans acquired the property by Warranty Deed dated June 24, 1987, which was subsequently recorded with the Calumet Country Register of Deeds on July 7, 1987, as Document No. 190581. The Wittmans owned the property on the date they filed their chapter 13 petition, February 27,

2010.

On August 14, 2002, the Wittmans granted First Federal Savings Bank La Crosse - Madison a mortgage against their property to secure a loan in the amount of $20,543.61. The First Federal Mortgage was recorded with the Calumet County Register of Deeds on August 26, 2002, as Document No. 337394. On April 22, 2003, the Wittmans granted Principal Residential Mortgage, Inc., a mortgage against their property to secure a loan in the amount of $111,000.00. The Principal Residential Mortgage was recorded with the Calumet County Register of Deeds on May 9, 2003, as Document No. 355961. The proceeds in connection with this loan were not used to satisfy the First Federal Mortgage.

On October 9, 2003, the Wittmans obtained a loan with Metro Center Mortgage, Inc., to refinance their obligations secured by the First Federal Mortgage and the Principal Residential Mortgage. In their Loan Application, the Wittmans indicated that the purpose of the loan was to refinance the mortgages on their primary residence. The $140,000.00 Adjustable Rate Note with Metro Center Mortgage correctly identified the property address. The obligations of Principal Residential Mortgage and First Federal Mortgage were satisfied out of the Note proceeds. To secure the Note, the Wittmans executed a mortgage dated October 9, 2003, in favor of Mortgage Electronic Systems, Inc. (MERS), as nominee for Metro Center Mortgage, Inc. The Mortgage correctly identified the property address and included the correct Tax Identification Number, 31-9-2835-00, for the property. The Mortgage was recorded with the Calumet County Register of Deeds on October 15, 2003, as Document No. 368285. The Wittmans intended to grant Metro Center Mortgage, Inc., a first mortgage against the property to secure the Note.

The endorsements on the Note show that Metro Center Mortgage, Inc., endorsed the Note

2

Case 10-22811-mdm    Doc 63    Filed 07/09/12    Page 2 of 13

to the order of Residential Funding, Inc., and that Residential Funding, Inc., endorsed the Note to the order of JPMorgan Chase as Trustee without recourse.  According to the attachment to the Note, the Bank of New York purchased the corporate trust business from JPMorgan Chase in 2007.  On March 16, 2010, MERS assigned the Mortgage to The Bank of New York Mellon Trust Company, N.A., f/k/a The Bank of New York Trust Company, N.A., as successor to JPMorgan Chase Bank, N.A., as trustee (BONY).  The Assignment of the Mortgage was recorded with the Calumet County Register of Deeds on March 19, 2010, at Document No. 451306.  The mortgage was modified prior to the filing of this case on September 1, 2009.

Germaine to the issue at hand, although the Mortgage correctly identified the property address and tax identification number, it contains the following legal description: "Lot Twenty-seven (27), GRACE-GORDON ESTATES, City of Appleton, Calumet County, Wisconsin."  The legal description in the Mortgage describes the lot immediately next to the Wittmans' property.  Lot 27 of Grace-Gordon Estates in the City of Appleton, Calumet County, Wisconsin is not owned by the Wittmans and has a property address of 1731 E. Moon Beam Trail and Tax Identification number of 31-9-2836-00.   The correct description would have been for Lot 26.

BONY filed the following relevant Proofs of Claim: Secured Claim No. 5 on the first mortgage in the amount of $5,651.80 in arrears (with $141,698.54 in total indebtedness remaining on the Note) and Secured Claim No. 14 in the amount of $4,607.22 as a supplemental claim for postpetition arrearage on the first mortgage.[1]

## ARGUMENTS

---

[1] BONY also filed Proof of Claim No. 10 for a second mortgage on the debtors' homestead.  Because the lien was not recorded, the claim was filed as unsecured.

The debtors argue that, due to the incorrect legal description on the recorded mortgage, the mortgage is not in the property's chain of title and BONY's unperfected security interest may be avoided for the benefit of unsecured creditors. *See* 11 U.S.C. § 544(a)(3); Wis. Stat. §§ 706.05(2m), 706.08(1), 706.09(1)(b). In response to BONY's arguments, *infra*, the debtors concede that an adversary proceeding will be necessary to avoid the lien in the event the Court sustains their claim objections. They have since obtained the chapter 13 trustee's consent to pursue the claim objections, as well as an avoidance action for the benefit of the unsecured creditors. Additionally, the debtors argued the chapter 13 trustee has the status of a bona fide purchaser of real property and, as such, is not required to investigate beyond the attachments of the proof of claim.

BONY argues the debtors' objection is procedurally defective because the debtors do not have standing to invoke the chapter 13 trustee's avoidance powers and they should have sought relief through the commencement of an adversary proceeding. Additionally, although the mortgage does not appear in the chain of title by way of the Calumet County Register of Deeds' tract index, it does appear in the chain of title through the county's grantor/grantee index, deeming the mortgage duly recorded. *See* Wis. Stat. § 706.08(2). As of the date of the debtors' petition, a hypothetical bona fide purchaser of the property would have had constructive notice of the mortgage. Additionally, because BONY is entitled to equitable reformation and correction of the mortgage under Wis. Stat. §§ 706.04 and 706.085, the debtors may not receive a windfall merely by filing for bankruptcy.

# DISCUSSION

*Standing and Procedure.*

While the debtors filed the objections to BONY's claims, the Bankruptcy Code endows the trustee with the power to avoid mortgages under 11 U.S.C. § 544(a)(3). The trustee's recent joinder in the debtors' objections and consent to the debtors' use of his avoidance powers renders this issue moot.

BONY correctly points out that, pursuant to Fed. R. Bankr. P. 7001, parties seeking to avoid a mortgage should do so through an adversary proceeding. The debtors have agreed to file an adversary proceeding to determine the validity and extent of the lien if their objections to the claims are sustained. With all parties agreeing to the procedural requirements, the Court will next consider the merits of the dispute.

*Avoidability of Lien.*

The Trustee's authority to avoid liens arises from section 544(a)(3) of the Bankruptcy Code, which provides:

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by –    . . .
>
> > (3) a bona fide purchaser of real property . . . from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

Courts considering whether a bona fide purchaser may defeat an encumbrance on land when the instrument granting the interest fails to sufficiently identify the real property have not

5

always reached the same result. *See, e.g., First Citizens Nat'l Bank v. Sherwood*, 583 Pa. 466, 879 A.2d 178 (2005) (purchaser of property was deemed to have constructive notice of mortgage which was properly recorded but defectively indexed); *Anderson v. North Fla. Prod. Credit Ass'n*, 642 So.2d 88 (Fla. Ct. App. 1994) (mortgage was "recorded according to law," and had priority over subsequent encumbrances, even though it was not properly indexed); *Keybank Nat'l Ass'n v. NBD Bank*, 699 N.E.2d 322 (Ind. Ct. App. 1998) (error in description of first mortgage caused it to be indexed outside chain of title; second mortgage, correctly indexed, had priority).

While the cases discussed above present similar facts to the current case, the paramount factor is whether the mortgage lien case may be avoided under controlling state law – in this case Wisconsin – as the property is located in Wisconsin. Thus, the trustee's right to avoidance under section 544(a)(3) is determined by whether, under Wisconsin law, a bona fide purchaser of the debtors' property would have taken the property subject to BONY's lien. *Cf. In re Delta Group*, 336 B.R. 405, 407 (E.D. Wis. 2004) (noting trustee's power under § 544 permits avoidance of transfers of debtor's property that could have been avoided by creditor under applicable state law).

Generally, Wisconsin law details the information that must be included in a recordable document:

> (2) Except as different or additional requirements may be provided by law, every instrument offered for record shall:
>     (a) Bear such signatures as are required by law;
>     (b) Contain a form of authentication authorized by s. 706.06 or 706.07;
>     (c) Identify, to the extent that the nature of the instrument permits, and in form and terms which permit ready entry upon the various books and indexes publicly maintained as land records of such county, the land to which such instrument relates and the parties or other persons whose interests in such land are affected. Except as provided in sub. (2m), identification may be either by the terms of the

> instrument or by reference to an instrument of record in the same office, naming the place where such record may be found.
>
> (2m) (a) Except as provided in par. (b) [inapplicable], any document submitted for recording or filing that is to be indexed in the real estate records, any document submitted for recording or filing that modifies an original mortgage or land contract and any subordination agreement submitted for recording or filing shall contain the full legal description of the property to which it relates if the document or subordination agreement is intended to relate to a particular parcel of land. The legal description may be included on the document or may be attached to the document. Any such document shall also contain the document number of any original mortgage or land contract that the document affects and, if given on the original mortgage or land contract, the volume and page numbers of the original mortgage or land contract.

Wis. Stats. §§ 706.05(2) & .05(2m). Naturally, errors in recorded documents are anticipated, as state law provides:

> (7) Every instrument which the register of deeds shall accept for record shall be deemed duly recorded despite its failure to conform to one or more of the requirements of this section, provided the instrument is properly indexed in a public index maintained in the office of such register of deeds and recorded at length at the place there shown.

Wis. Stat. § 706.05(7).

This "safety-catch" provision, however, does not eviscerate the statutory protections afforded good faith purchasers. Wisconsin Stat. § 706.08 protects purchasers[2] of real estate against prior adverse claims that are not properly recorded as provided by law. *See Associates Fin. Servs. Co. of Wisconsin, Inc. v. Brown*, 2002 WI App 300, ¶ 9, 258 Wis.2d 915, 656 N.W.2d 56. It provides, in relevant part:

> Non-recording, effect. (1) (a) ... [E]very conveyance that is not recorded as provided by law shall be void as against any subsequent purchaser, in good faith and for a valuable consideration, of the same real estate or any portion of the same real estate whose

---

[2] Although sections 706.08 and Wis. Stat. § 706.09(1), discussed *infra*, refer to "purchasers" of real estate, they have been consistently applied to other interest holders as well, such as mortgagees. *See, e.g., Brown*, 2002 WI App 300, ¶ 11 ("A purchaser or mortgagee takes its interest in good faith if it is without notice, constructive or actual, of a prior conveyance.").

> conveyance is recorded first.
>
> . . .
>
> (2) Where a public tract index or abstract of title index is maintained, an instrument properly indexed therein and recorded at length at the place there shown shall be deemed to be duly recorded for purposes of this section, despite any error or omission in the process of including the instrument, or prior instruments in the same chain of title, in other records. Where an instrument is not properly indexed in such tract or abstract of title index, or where such index is not publicly maintained, the instrument shall be deemed to be duly recorded only if the instrument, together with prior instruments necessary to trace title by use of alphabetical indexes by names of parties, are properly indexed in such alphabetical indexes, and recorded at length at the places there shown. Wherever an instrument is duly recorded hereunder, its record shall be effective as of the date and hour at which it is shown by the general index to have been accepted for record.

Wis. Stat. §§ 706.08(1)(a) & .08(2). Here, the document was properly indexed; it was just indexed as to the wrong property.

In Wisconsin, a purchaser in good faith is one without notice of any existing rights in the land. *Bump v. Dahl*, 26 Wis.2d 607, 613, 133 N.W.2d 295, 299 (1965). This includes both actual and constructive notice. With actual notice, a purchaser with personal knowledge of a prior claim to the property cannot be a purchaser in good faith and may not utilize the recording statute to defeat the prior claim. In contrast to state law, the bankruptcy trustee's actual knowledge is irrelevant to this hypothetical bona fide purchaser status. *See* 11 U.S.C. § 544(a) (the trustee's rights are "without regard to any knowledge of the trustee or of any creditor"). However, the trustee's strong-arm powers may be affected by constructive notice or inquiry notice which an actual subsequent purchaser would be subject to under applicable state law. If such a purchaser would be on notice of a competing claim, the trustee's avoidance powers are likewise impacted. Under state law, constructive notice:

> [A]rises when a purchaser without knowledge is subjected on grounds of public policy to the liabilities he would be subject to had he in fact had knowledge, because he was in such a position that if he had exercised a reasonable degree of care in availing himself of

the avenues of information open to him he could have acquired the knowledge.

*Bump*, 26 Wis.2d at 613, 133 N.W.2d at 199 (citation omitted). As noted by BONY, a good faith purchaser is one who properly consults three sources of information in order to learn of any competing claims to the property in question:

> (1) The records in the office of the register of deeds where the basic rights involved are recorded; (2) other public records to discover rights which usually are not recorded in the office of the register of deeds, i. e., judgments and liens; and (3) the land itself, to discover by observation the lights which arise outside of the recording system by virtue of possession or use.

*Id*. at 614-15, 133 N.W.2d at 300. As the court observed in *Bump*, "At common law the rule 'first in time, first in right' prevailed, qualified by the doctrine of bona fide purchaser." 133 N.W.2d at 299.

The question thus becomes what records in the office of the register of deeds is a bona fide purchaser required to consult in order to retain his or her status as a bona fide purchaser? As noted above, courts in various districts have differed in their analyses and conclusions. According to the sworn declaration of a title examiner submitted by BONY, it is common practice for title companies performing title searches in Calumet County to conduct searches for relevant recorded documents using both the tract index and the grantor/grantee index. (Sworn Declaration of Christine deCoster, Doc. No. 60). The Court will assume for purposes of the matter at hand that the search of multiple indexes by title companies is both a common and prudent practice. *But cf. Stewart Title Guaranty Co v. R.E. Title Servs. LLC*, No. 2008AP2185, 2009 WI App 95, 320 Wis.2d 484, 769 N.W.2d 878, 2009 WL 1186810 (unpublished) (mortgage recorded under incorrect legal description, so search of tract index did not show outstanding mortgage; expert testified that grantor/grantee index search not standard in industry). Common

9

and prudent practices are not, however, dispositive of whether or not the trustee (or the debtors in this case) is able to invoke the doctrine of bona fide purchaser and avoid BONY's lien; state law is.

Wisconsin's real estate recording system is described in various state statutes. *See generally* Wis. Stat. Ch. 706. Reliance on the tract index has been discussed and considered in *Kordecki v. Rizzo*, 106 Wis.2d 713, 714-16, 317 N.W.2d 479 (1982). In that case, the supreme court addressed the problem of two purchasers of real estate from a common seller, and a claim of title based on an unrecorded document. There were actually multiple competing transactions, but the crux of the problem in *Kordecki* that is relevant for our purposes involved the court's discussion of what sort of search of public records is necessary for a reasonable inquiry. In the context of discussing the plaintiff's admitted obligation to make a reasonable search of the public records to discover other conveyances of the land in question, the court noted that Wis. Stat. § 706.09(4) referenced the tract index as a public record from which a reasonable search would disclose chain of title instruments. *See Kordecki*, 106 Wis.2d at 717 n. 2. That disclosure of chain of title occurs because section 706.09(1)(b) requires that documents transferring interests in real estate contain a correct description of the property transferred if they are to bar a subsequent purchaser's claim to the property. Wisconsin Stat. § 706.09 provides, in relevant part:

> (1) When conveyance is free of prior adverse claim. A purchaser for a valuable consideration, without notice as defined in sub. (2), and the purchaser's successors in interest, shall take and hold the estate or interest purported to be conveyed to such purchaser free of any claim adverse to or inconsistent with such estate or interest, if such adverse claim is dependent for its validity or priority upon:
> . . .
> (b) Conveyance outside chain of title not identified by definite reference. Any conveyance, transaction or event not appearing of record in the chain of title to the real estate affected, unless such conveyance, transaction or event is identified by

10

> definite reference in an instrument of record in such chain. No reference shall be definite which fails to specify, by direct reference to a particular place in the public land record, or, by positive statement, the nature and scope of the prior outstanding interest created or affected by such conveyance, transaction or event, the identity of the original or subsequent owner or holder of such interest, the real estate affected, and the approximate date of such conveyance, transaction or event.
>
> . . .
>
> (2) Notice of prior claim. A purchaser has notice of a prior outstanding claim or interest, within the meaning of this section wherever, at the time such purchaser's interest arises in law or equity:
>
> . . .
>
> (b)Notice of record within 30 years. There appears of record in the chain of title of the real estate affected, within 30 years and prior to the time at which the interest of such purchaser arises in law or equity, an instrument affording affirmative and express notice of such prior outstanding interest conforming to the requirements of definiteness of sub. (1) (b)[.]

Wis. Stat. § 706.09.

Furthermore, the state statute specifically references only the "tract index" in its definition of "chain of title":

> Chain of title: Definition. The term "chain of title" as used in this section includes instruments, actions and proceedings discoverable by reasonable search of the public records and indexes affecting real estate in the offices of the register of deeds and in probate and of clerks of courts of the counties in which the real estate is located; a tract index shall be deemed an index where the same is publicly maintained.

Wis. Stat. § 706.09(4).

In *Associates Financial Services Co. of Wisconsin, Inc. v. Brown*, 2002 WI App 300, 258 Wis.2d 915, 656 N.W.2d 56, the Wisconsin appellate court affirmed an award of summary judgment to a subsequent mortgage company that was a good faith purchaser for value against an adverse claim based upon a previously recorded quitclaim deed. *Id*. at ¶¶ 1, 6. Although recorded, the quitclaim deed contained an incorrect legal description of the property, making it impossible to be found in the tract index. The incorrect description referred to "Certified Survey

11

Map No. 1151," although the correct legal description was "Certified Survey Map No. 1511." *Id*. at ¶ 2. The adverse claimants argued that Associates Financial's search of only the tract index was unreasonable because Associates Financial could have discovered the previously recorded interest, albeit recorded under the incorrect legal description, by using a computer system in the Register of Deed's office. *Id*. at ¶ 8. Although admitting that their adverse interest had not been properly recorded "as provided by law" because it did not contain a valid description of the land conveyed, the adverse claimant believed an index by name of the parties (such as a grantor/grantee index) would have disclosed its interest. Relying on *In re Carley Cap. Group*, 117 B.R. 951, 959 (Bankr. W.D. Wis. 1990), the appellate court held that the "scope of inquiry is 'limited to the contents of all instruments in the chain of title and of the contents of instruments referred to in an instrument in the chain of title.'" *Associates Fin.*, 2002 WI App 300 at ¶ 11. It was conceded in *Associates Financial*, as in this case, that the tract index system would not have shown the document upon which the dispute was based. The state appellate court rejected the claim that a search of a computer system maintained by the Register of Deeds was required for the purchaser to perform a reasonable search because Wis. Stat. § 706.09(2)(b) imposes no such requirement on a purchaser for value. *Id*. at ¶ 14. The court concluded that one does not need to search *all* public records "to see if there is *some way*, in the absence of a proper recording, that an interest could *possibly* be discovered. Indeed, such a requirement would be contrary to the very purpose of the recording statutes – to ensure a clear and certain system of property conveyance." *Id*. (emphasis in original).

CONCLUSION

Based upon the Wisconsin statutes governing the filing of interests in real estate, and the

state court's interpretation of interests of purchasers and lenders, the trustee may stand in the shoes of a hypothetical bona fide purchaser, making BONY's lien interest void as to the trustee. Therefore, BONY's claims are that of an unsecured creditor. The debtors' objections to Proof of Claim No. 5 and Proof of Claim No. 14 of The Bank of New York Mellon Trust Company, N.A., f/k/a The Bank of New York Trust Company, N.A., as successor to JPMorgan Chase Bank, N.A., as Trustee, are sustained. A separate order will be entered accordingly.

July 9, 2012

Margaret Dee McGarity
United States Bankruptcy Judge